## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **TYLER NILSON, KENNETH NILSON, and KELLY NILSON,** | : | **Civil No. 1:06-CV-01474** |
|  | : |  |
|  | : | **JUDGE SYLVIA H. RAMBO** |
| **Plaintiffs,** | : |  |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **HERSHEY ENTERTAINMENT AND RESORTS COMPANY, and GREAT COASTERS INTERNATIONAL, INC.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |

## M E M O R A N D U M

Before the court is Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. The parties have briefed the issues, and the matter is ripe for disposition.

## I.      Background

Plaintiff, a minor, brings the captioned action by his parents, in which recovery is sought for damages for personal injuries allegedly sustained as a result of having ridden a rollercoaster at Hersheypark, Pennsylvania. In the amended complaint Plaintiff alleges the following counts against Defendants, Hershey Entertainment and Resorts Company, ("HE&R") and Great Coasters International, Inc., ("GEII"):

1.      Negligence, Gross Negligence, and/or Recklessness;

2.      Product defect / Product Liability;

3.      Product defect / Product Liability / Failure to Warn;

4.      Breach of Contract;

5.      Breach of Warranties;

6.        Fraudulent Misrepresentation / False Advertising / Failure to Warn;

7.        Wanton and Willful Disregard for Plaintiff's Safety;

8.        Punitive Damages; and

9.        Joint and Several Liability.

Both defendants have moved to dismiss Counts IV through IX of Plaintiff's amended complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted.  Each defendant raises similar reasons in support of their motions.

**II.         Legal Standard:  Motion to Dismiss**

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.* at 1965; *accord, e.g., Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150

(3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation."  *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.[1]  *Bell Atlantic Corp.*, 127 S. Ct. at 1965, 1974; *Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007).

## III.        Discussion

With this standard as a guide, the court has reviewed the arguments and case law in support of Defendant's motions.  The court notes that Plaintiff agrees

---

[1]  The effect of *Bell Atlantic* on the pleading standards under the Federal Rules of Civil Procedure remains to be seen.  The Courts of Appeals to consider pleading standards at this early hour of the post-*Bell Atlantic* age appear to conclude that the case presented a different, if not higher, standard of pleading for a complaint.  *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (*Bell Atlantic* "requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, No. 06-2001, 2007 WL 2019752, at * — n.2 (10th Cir. July 13, 2007) (*Bell Atlantic* and *Erickson* "suggest that courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.").

The Seventh Circuit, however, concluded that *Bell Atlantic* did not change the standard, except to remove the *Conley* gloss that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, — F.3d —, No. 06-2949, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007); *EEOC v. Concentra Health Servs., Inc.*, — F.3d —, No. 06-3436, 2007 WL 2215764, at *9 (7th Cir. Aug. 3, 2007) (Flaum, J., concurring).  Other Circuits may follow the Seventh, having cited to *Bell Atlantic* in the legal standard used for a motion to dismiss without exploring whether it raises the pleading bar.  *See Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007); *Powell v. Barrett*, — F.3d —, No. 05-16734, 2007 WL 2386610, at *7 (11th Cir. Aug. 23, 2007); *In re Katrina Canal Breaches Litig.*, — F.3d —, No. 07-30119, 2007 WL 2200004, at *10 (5th Cir. Aug. 2, 2007); *Gregory v. Dillard's, Inc.*, 494 F.3d 694, 706 (8th Cir. 2007).  For purposes of this matter, the court need not enter the fray before the Third Circuit speaks definitively.

with the standard to be applied to a motion to dismiss and with the case law on the "gist of the action" doctrine.  (*See* Doc. 36 at 4.)  Otherwise, in their response to Defendants' motions and briefs, Plaintiffs' response is limited to a recitation of what they have pleaded in their complaint and it is conclusory in nature.

This court, after thorough review of Defendants' motions, briefs, the case law applicable to the issues, adopts the arguments and reasoning set forth by Defendants.  (*See* Docs. 24 & 32.)  Accordingly, **IT IS HEREBY ORDERED THAT:**

1) The motions to dismiss filed by Defendants Hershey Entertainment and Resorts Company and Great Coasters International, Inc. are **GRANTED**;

2) Counts IV through IX of the amended complaint are **DISMISSED FOR FAILURE TO STATE A CLAIM**;

3) The case will proceed according to the case management order issued on September 14, 2007.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated:  September 14, 2007.